# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | SECOND AMENDED JUDGMENT IN A CRIMINAL CASE |
| V. | |
| EDWARD MARK PATTERSON | Case Number: 13-CR-193<br>USM Number: 12808-089 |

Date of Original Judgment: November 4, 2020

(Or Date of Last Amended Judgment)

Craig Albee
Defendant's Attorney

Bridget Schoenborn
Assistant United States Attorney

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances
  (Fed.R.Crim.P.35(b))

☐ Correction of Sentence by Sentencing Court
  (Fed.R.Crim.P.35(c))

☒ Correction of Sentence for Clerical Mistake
  (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☒ Modification of Imposed Term of Imprisonment for Extraordinary and
  Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive
  Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to        ☐ 28 U.S.C. § 2255 or
  ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order(18 U.S.C. § 3664)

## THE DEFENDANT:

☒ pleaded guilty to counts one and two of the information and count 12 of the superseding indictment.

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841, 846 | conspiracy to possess with intent to distribute marijuana | Oct. 8, 2013* | 1 information |
| 18 U.S.C. § 1952(a)(3) | travel in aid of a racketeering enterprise | Aug. 13, 2012 | 2 information |
| 21 U.S.C. § 843(b) | using a communication device to facilitate the possession with intent to deliver marijuana | July 12, 2013 | 12 superseding indictment |

The defendant is sentenced as provided in Pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Counts 1, 3, 4, 5, 13, & 14 of the superseding indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

November 4, 2020
Date of Imposition of Judgment

/s Lynn Adelman
Signature of Judicial Officer

Lynn Adelman, District Judge
Name & Title of Judicial Officer

November 5, 2020
Date

AO 245C  (Rev. 06/05) Amended Judgment in a Criminal Case:
Sheet 2 - Imprisonment                                                                    (Note: Identify Changes with Asterisks(*))

Defendant:      Edward Mark Patterson
Case Number: 13-CR-193

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **time served.***

☐  The court makes the following recommendations to the Bureau of Prisons:

☐  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district.

    ☐  at _____  ☐ a.m.  ☐ p.m.  on _____  .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,

    ☐  before 2 p.m. on _____

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____  to  _____

at _____  with a certified copy of this judgment.

                                                        UNITED STATES MARSHAL

                              By  _____

                                                      DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case:
Sheet 3 - Supervised Release                                                                   (Note: Identify Changes with Asterisks(*))

Defendant:      Edward Mark Patterson
Case Number: 13-CR-193

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **three years on counts one and two of the information and one year on count 12 of the superseding indictment, running concurrently for a total of three years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two drug tests thereafter within one year.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)   the defendant shall answer truthfully all inquiries by the probation officer subject to this Fifth Amendment right against self-incrimination and follow the instructions of the probation officer;
4)   the defendant shall use his best efforts to support his dependents;
5)   the defendant shall use his best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons (e.g., childcare, eldercare, disability, age or serious health condition);
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment; when such notification is not possible, the defendant shall notify the probation officer within 72 hours of the change;
7)   the defendant shall not knowingly go to places or enter buildings where controlled substances are illegally sold, used, distributed, or administered;
8)   the defendant shall not associate with any persons known to him to be engaged, or planning to be engaged, in criminal activity, and shall not associate with any person known by him to be a felon, absent permission to do so by the probation officer. "Associate" as used here means to reside, socialize, meet, communicate or otherwise interact with such person;
9)   the defendant shall permit a probation officer to visit him at reasonable times at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
10)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
11)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
12)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
Sheet 3A - Supervised Release                                                                    (Note: Identify Changes with Asterisks(*))

Defendant:              Edward Mark Patterson
Case Number:            13-CR-193

## ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall submit his person, property, house, residence, vehicle, office, papers, computers, other electronic communications or data storage devices, or media, to a search conducted by the U.S. Probation Officer. Failure to submit to a search may be grounds for revocation of release. The offender shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of their release and that the areas to be searched may contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

2. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by his supervising probation officer, until such time as he is released from such program. The defendant shall pay the cost of this program under the guidance and supervision of his supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.

The defendant shall comply with the conditions of location monitoring for a period of 180 consecutive days. During this time, he shall remain at his residence except for employment and other activities approved in advance by the supervising probation officer.*

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
Sheet 5 – Criminal Monetary Penalties                                                          (Note: Identify Changes with Asterisks(*))

Defendant:         Edward Mark Patterson
Case Number:     13-CR-193

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $300.00 | waived | none |

☐ The determination of restitution is deferred until _____ An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**Totals:**                $ _____     $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev 06/05) Amended Judgment in a Criminal Case:
Sheet 6 - Schedule of Payments                                                                                                      (Note: Identify Changes with Asterisks(*))

Defendant:      Edward Mark Patterson
Case Number:    13-CR-193

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**   ☐   Lump sum payment of $ _____ due immediately, balance due

       ☐   not later than _____ , or

       ☐   in accordance with ☐ C, ☐ D,  ☐ E or ☐ F below; or

**B**   ☒   Payment to begin immediately (may be combined with ☐ C,  ☐ D, or  ☒ F  below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____  over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprison-
ment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties: Payments are due immediately, through the Clerk
of Court, but may be paid from prison earnings in compliance with the Inmate Financial Responsibility Program in
payment of the Special Assessment.  The defendant's participation in the Inmate Financial Responsibility Program is
voluntary.

    Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties
is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several
    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Joint and Several Amount, and corresponding
    payee, if appropriate:

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
a.  All right, title, and interest, including any and all interest as owner or as shareholder, in Fast Eddy's, LLC, and also including all right, title, and interest in the net proceeds
of Fast Eddy's LLC's sale of its franchise rights, equipment, and leasehold improvements of the McDonald's restaurants located at 11250 N. Port Washington Road,
Mequon, Wisconsin("Mequon Franchise") and at 8739 N. Port Washington Road, Fox Point, Wisconsin ("Fox Point Franchise"), as well as Fast Eddy's, LLC's sale of the
parking lot adjacent to the Mequon Franchise, to MacPyles Corporation in or about December 2013,and which net proceeds are now being held in escrow in the United
States Department of Justice Seized Assets Deposit Fund; and

b. All right, title, and interest, including any and all interest as owner or as shareholder, in Hotter Faster Eddy's, LLC, and also including all right, title, and interest in the
net proceeds of Hotter Faster Eddy's, LLC's sale of its franchise rights, equipment, and leasehold improvements of the McDonald's restaurant located at 5344 N. Port
Washington Road, Glendale, Wisconsin ("Glendale Franchise") to MacPyles Corporation in or about December 2013, and which net proceeds are now being held in escrow
in the United States Department of Justice Seized Assets Deposit Fund account.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine
interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.